IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>Plaintiff, )<br>)<br>v )<br>)<br>)<br>)<br>BILL KARWOSKI, )<br>)<br>Defendant. ) | Case No. 2:18-cv-13910-TGB-MKM<br>Hon. Terrence G. Berg<br>Magistrate Judge |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES AND RESPONSE IN
OPPOSITION TO DEFENDANT'S REQUEST FOR DISMISSAL**

## INTRODUCTION

Plaintiff's Amended Complaint alleges that Defendant infringed Plaintiff's purported Copyrights in Violation of the United States Copyright Act of 1976, 17 USC §101 et seq. Defendant filed an Answer and various Affirmative Defenses relating directly to Plaintiff's alleged claims.

With the exception of Affirmative Defenses Nos. 7, 10-12, which Plaintiff voluntarily agrees to dismiss, Plaintiff's instant Motion to Strike is a knee jerk "stock" reaction to Defendant's Affirmative Defenses and should be denied because it is not supported by law or fact.

## LEGAL STANDARD

A Motion to Strike is a "drastic remedy" and should be granted "only when the pleading to be stricken has no possible relation to the controversy". Brown & Williamson Tobacco Corp. v United States, 201 F.2d 819, 822 (6th Cir. 1953), hemlock Semiconductor Corp. v Deutsch Solar Gmblt, 116 F. Supp. 3d 818, 823 (E.D. Mich 2015); See also, Brown v Specialized Loan Servicing LLC v Computershare USA, Case No. 17-CV-10163, Report and Recommendation of Magistrate Judge Majzoub, 4/15/2018, United States District Court for the Eastern District of Michigan (copy at Ex. 1). Under Fed. R. Civ. P Rules 12(F), the motion should be granted only were "as a matter of law, the defense cannot succeed under

1

any circumstances". Ameriwood Indus. Int' Corp. v Arthur Anderson & Co. 961 F. Supp 1078, 1083 (W.D. Mich. 1997).

Fed R. Civ. P. Rule 8 provides that "each allegation [in a pleading] must be simple, concise and direct" and that no "technical form is required". See, Brown, supra at p. 3.

Although the Sixth Circuit Court of Appeals has not yet ruled on the level of specificity required when asserting an affirmative defense, this Court has applied the "fair notice" pleading standard. See, Myers v Village of Oxford, Case No. 17-cv-10623, Judge Denise Page Hood (E.D. Mich. February 15, 2019) (copy at Ex. 2); Exclusively Cats Veterinary Hosp., P.C. v Pharm Credit Corp., No. 13-cv-14376, 2014 WL 4715532 (E.D. Mich. Sept 22, 2014). Under the "fair notice" standard, a defense may be pleaded in general terms as long as it provides fair notice of the nature of the defense. Meijers, supra, citing Lawrence v Chabot, 182 Fed. Appx 442, 456-57, (6th Cir. 2006).

## ARGUMENT

### A. Defendant's First Affirmative Defense (Failure to State a Claim)

In the absence of discovery, Defendant has no means of verifying whether Plaintiff in fact has a valid copyright. Although Plaintiff claims it "owns certificates of registration" in its Motion (Plaintiff's Motion, p. 5) no proof of same

2

is included in either its Amended Complaint or its Motion. Further, Defendant denies having infringed on any such copyright. Thus, assuming Plaintiff in fact does not have a valid copyright, or otherwise cannot prove the alleged infringement, Plaintiff would fail to state a claim.

Defendant's First Affirmative Defense thus gives Plaintiff fair notice and is otherwise related to the controversy.

### B. Defendant's Second Affirmative Defense (Failure to Comply with Copyrights Act)

Plaintiff's compliance with the Copyright Act is a prerequisite for having a valid copyright, and Plaintiff must have a valid copyright to maintain the instant Amended Complaint. Although Plaintiff is correct in noting that the Copyright Act is "hundred of pages", only a few of those pages deal with Plaintiff's compliance obligations. Discovery on that issue will not be burdensome.

Defendant's Second Affirmative Defense thus gives Plaintiff fair notice and is otherwise related to the controversy.

### C. Defendant's Third Affirmative Defense (Invalid Copyright)

Defendant's Third Affirmative Defense is similar to its First and Second Defenses - - without a chance for discovery, Defendant has no means of discerning

3

whether Plaintiff's purported Copyright is valid - - an issue certainly relevant to Plaintiff's capacity to bring this Amended Complaint.

Defendant's Third Affirmative Defense thus gives Plaintiff fair notice and is otherwise related to the controversy.

### D. **Defendant's Fourth Affirmative Defense (No Infringement)**

Defendant's Fourth Affirmative Defense alerts Plaintiff to Defendant's factual assertion that he committed no act in violation or infringement of Plaintiff's purported copyright. This is clearly "fair notice" of how Defendant intends to defend Plaintiff's claims.

Defendant's FourthAffirmative Defense thus gives Plaintiff fair notice and is otherwise related to the controversy.

### E. **Defendant's Fifth Affirmative Defense (Third Party Liability)**

It is Defendant's position that to the extent Plaintiff can prove Defendant was the registered owner of an IP address where Plaintiff's validly copyrighted material was copied and distributed, that such actions were not done by Defendant and must have been by a third party with access to the IP address. Alleging Third Party Liability clearly puts Plaintiff on notice of this defense.

Defendant's Fifth Affirmative Defense thus gives Plaintiff fair notice and is otherwise related to the controversy.

4

## F. Defendant's Sixth Affirmative Defense (Authorized Use)

As Plaintiff admits, a party may obtain implied authorization to utilize copyrighted material due to the conduct of the copyright holder. (See Plaintiff's Motion, pp 9-10). This is clearly a plausible potential defense related to Plaintiff's cause of action.

Defendant's Sixth Affirmative Defense thus gives Plaintiff fair notice and is otherwise related to the controversy.

## G. Defendant's Seventh Affirmative Defense (Fair Use)

Defendant concedes that the affirmative defense of "Fair Use" is not applicable in this matter.

## H. Defendant's Eighth Affirmative Defense (Innocent Infringement)

Plaintiff admits that Defendant being an "innocent infringer" may reduce Plaintiff's claim for damages. Since damages is clearly part of Plaintiff's Amended Complaint, the defense of "Innocent Infringement" is directly relevant to Plaintiff's claims. Further, Plaintiff's assertion that the defense is "vague and ambiguous" is nonsensical - - the defense clearly gives fair notice to Plaintiff that assuming Plaintiff can prove Defendant in fact violated Plaintiff's copyright, such violation was innocent.

5

Defendant's Eighth Affirmative Defense thus gives Plaintiff fair notice and is otherwise related to the controversy.

### I. Defendant's Ninth Affirmative Defense (Deceptive Advertising)

Plaintiff is well aware, or should be of the advertising it generates for its downloadable materials. To the extent said advertising is deceptive, particularly as to downloading same, Defendant has provided Plaintiff with fair notice of a potential defense.

Defendant's Ninth Affirmative Defense thus gives Plaintiff fair notice and is otherwise related to the controversy.

### J. Defendant's Tenth, Eleventh and Twelfth Affirmative Defense (Waiver, Laches and Statute of Limitations)

Defendant concedes that his Tenth, Eleventh and Twelfth Affirmative Defenses are not applicable in this matter.

### K. Defendant's Reservation of Right

Defendant understands that should discovery give rise to facts supporting another affirmative defense, the proper method for raising same would be a Motion to Amend. Defendant's Thirteenth Affirmative Defense merely reserves the right to file such a Motion.

6

## CONCLUSION

For the above stated reasons, Plaintiff's Motion to Strike should be denied as to Affirmative Defenses Nos. 1-6, 8-9, 13.

                                      Respectfully submitted,

                                      The Law Office of Bryan Monaghan

Dated: July 2, 2019                    /s/ Bryan Monaghan
                                              By:  Bryan Monaghan (P-42461)
                                              337 South Main Street, Suite 201
                                              Rochester, Michigan  48307-6711
                                              (248) 608-5300
                                              e-Mail:  bryan@bryanmonaghanlaw.com
                                              Attorney for Defendant

## LOCAL RULE CERTIFICATION

I, Bryan Monaghan, certify that this document complies with Local Rule *5.1(a),* including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: July 2, 2019                    /s/ Bryan Monaghan
                                              By: Bryan Monaghan (P-42461)

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/ Sandra G. Brookins
By: Sandra G. Brookins